UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYRRELL BEN-AVI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 5260 |
| v. | ) | |
| | ) | Judge Rebecca R. Pallmeyer |
| DISCOVER FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Tyrrell Ben-Avi sued Defendant Discover Financial Services, Inc. ("Discover") alleging that Discover violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* by failing to investigate and correct inaccurate personal information associated with his Discover credit card account. Discover has moved to dismiss his claim for failure to state a claim upon which relief can be granted, or, in the alternative, asks that the court compel arbitration of Plaintiff's claims pursuant to the cardholder agreement that Plaintiff entered with Discover. For the reasons stated below, Defendant's motion to dismiss [14] is granted.

### BACKGROUND

On August 9, 2023, Plaintiff filed a pro se complaint against Discover alleging in a few sentences that Discover violated FCRA. (*See* Compl. [1].) On August 14, 2023, the court granted Plaintiff leave to proceed *in forma pauperis*, but struck the Complaint without prejudice for failure to state a claim. (*See* Order [4].) Plaintiff's Amended Complaint [7] cures only some of the deficiencies the court identified in its initial Order. The facts alleged in that Amended Complaint are presumed true for purposes of this motion to dismiss. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

In December 2020, Plaintiff entered a cardholder agreement with Discover. (Am. Compl. at 2.) As part of this agreement, Discover issued a credit card that gave Plaintiff "a reasonable limit" and "promotional offers including a year's worth of cash rebates and points." (*Id.*) The cardholder agreement also includes an arbitration clause that broadly requires arbitration of any claim arising out

of the Discover agreement. (Ex. A to Discover Mem. in Supp. of Mot. to Dismiss [14] at 3.)[1] Over the next year, Plaintiff maintained good standing in his Discover account, never missing a payment. (Am. Compl. at 2.) Then things took a turn for the worse in Plaintiff's personal life; over a seven-month period, both of Plaintiff's parents, two of his siblings, and some other extended family members unexpectedly passed away, events that took an "emotional and financial strain" on Plaintiff. (*Id.*)

In May 2022, Plaintiff contacted Discover to request an emergency increase in his credit limit to help pay for funeral and travel expenses incurred following the loss of his relatives. (*Id.*) Discover denied the request, allegedly advising Plaintiff that his "credit file was attached to another person from the State of Florida." (*Id.*) Plaintiff attempted to discuss this issue with "an agent of Discover," but that person offered no explanation why another person's information was associated with his account and did nothing more than assure Plaintiff that his credit file would be corrected, and that Discover would reconsider his emergency credit increase request. (*Id.*)

One month later, "Discover through Equifax" began emailing Plaintiff, advising him that unless he authorized Discover and Equifax to access his prior tax returns and "other sensitive information," Discover would close his account. (*Id.*) Plaintiff called and emailed Discover seeking an explanation why they required this information, but he was never given an answer. (*Id.*) Accordingly, he refused to sign the authorization and by August 2022, Discover froze Plaintiff's credit card and blocked him from accessing his online account. (*Id.*) About a month later, Discover "prematurely" reported his account "closed and in arrears" to the three national credit reporting agencies: Equifax, Experian, and TransUnion, resulting in Plaintiff's credit score dropping by more than 150 points. (*Id.* at 3.) Additionally, Plaintiff claims that Discover furnished credit bureaus with an incorrect mailing address for Plaintiff, which the credit bureaus have "refused" to correct. (*Id.*)

---

[1] Specifically, the agreement states, "In the event of a dispute between you and us arising out of or relating to this Account or the relationships resulting from this Account or any other dispute between you or us, including, for example, a dispute based on a federal or state statute or local ordinance ("Claim"), either you or we may choose to resolve the Claim by binding arbitration, as described below, instead of in court."

In February 2023, Plaintiff filed a formal complaint with the Consumer Financial Protection Bureau ("CFPB"). (*Id.*) According to Plaintiff, this prompted Discover to reengage in communications with him about reopening his credit card account, though he notes that nothing came of these discussions and his CFPB complaint was eventually "closed." (*Id.*)

Plaintiff's Amended Complaint also alleges that in June of 2023 he received a "rebate check" in the mail that was intended for another Discover customer but sent to Plaintiff's address—an episode that alarmed Plaintiff because no one else lives with him. (*Id.*) Plaintiff returned the check together with a letter expressing his continued concern that Discover had erroneous information associated with his account. (*Id.*) Discover did not provide any clarification, nor is it clear that it ever investigated whether there was some sort of data breach associated with Plaintiff's account. (*Id.*)

Plaintiff claims that Discover violated § 1681i of FCRA by failing to investigate and ultimately delete inaccurate information in Plaintiff's credit file after receiving notice from him of the inaccuracies. (*Id.* at 4.) He also claims that Discover violated FCRA "by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable." (*Id.*) In addition to monetary damages, Plaintiff also seeks equitable relief and asks the court to order Discover "to remove negative trade line from all three credit bureaus, remove all negative account information and close account in good standing as to not cause further issues with Lexus Nexus or other credit companies . . . ." (*Id.* at 5–6.)

Discover has moved to dismiss Plaintiff's claim for a failure to state a claim upon which relief may be granted, arguing that it is not a credit reporting agency and therefore not liable for the alleged FCRA violation.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *O'Boyle v. Real Time Resols., Inc.*, 910 F.3d 338, 342 (7th

Cir. 2018) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on such a motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012). Additionally, the court confines its review to the four corners of plaintiff's complaint, though it may consider documents attached to a motion to dismiss if they are referenced in the complaint and are central to the plaintiff's claim. *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)).

FCRA aims to safeguard consumers and promote efficacy in the nation's banking system by ensuring the accuracy of information in credit reports. *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 809 (7th Cir. 2023). To that end, the statute requires that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," *id.* (quoting 15 U.S.C. § 1681(a)(4)), and mandates that consumer reporting agencies ("CRAs") "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," 15 U.S.C. § 1681e(b). Accuracy is not explicitly defined in the statute, but it has generally been recognized that "accuracy" includes both "truthfulness and completeness." *Chaitoff*, 79 F.4th at 809. Therefore, a report that is "misleading or materially incomplete" is considered inaccurate. (*Id.*)

FCRA creates a dispute resolution framework for consumers. When a consumer believes their credit report is inaccurate, they can dispute it with the responsible CRA. The CRA must then conduct a reasonable investigation to determine the accuracy of the disputed information, considering all relevant information provided by the consumer. *See id.* (citing 15 U.S.C. §§ 1681i(a)(1)(A), 1681i(a)(4)). If the investigation fails to resolve the dispute, the consumer can submit to the CRA a brief statement explaining the nature of the dispute, and the CRA is required to include this statement or a concise summary of it in any future consumer report containing the disputed information, unless the statement is deemed frivolous or irrelevant. *Id.* (citing 15 U.S.C. §§ 1681i(b)-(c)). FCRA provides

4

consumers with a private right of action against CRAs that fail to comply with these provisions. *See* 15 U.S.C. §§ 1681n–1681o. The problem for Plaintiff, however, is that Discover is not a CRA.

> FCRA defines a CRA as
>
> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C § 1681a(f). Discover does not produce consumer reports; "it is a bank." *Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682, 686 (7th Cir. 2008) (citing *Frederick v. Marquette Nat'l Bank*, 911 F.2d 1, 2 (7th Cir.1990). In fact, Plaintiff concedes this point in his Amended Complaint, where he identifies Discover as a "financial institution" (Am. Compl. at 1.), which FCRA defines as "a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person that, directly or indirectly, holds a transaction account . . . belonging to a consumer." 15 U.S.C. §1681a(t). Notably, § 1681i does not provide consumers with a cause of action against financial institutions like Discover. *Mirfasihi*, 551 F.3d at 686; *see also Harris v. Pa. Higher Educ. Assistance Agency*, 696 F. App'x 87, 90 (3d Cir. 2017) ("The District Court properly dismissed [Plaintiff's] amended complaint to the extent that he asserted a claim pursuant to § 1681i because [Defendant] is not a 'consumer reporting agency' under the FCRA.") Because Plaintiff does not allege that Discover is a CRA, his claim under § 1681i is not actionable and the court dismisses it with prejudice.

The court notes that Plaintiff has also failed to adequately plead a claim under any other provision of FCRA. Although Plaintiff does not specifically assert a claim under § 1681s-2(b) of FCRA, theoretically that provision could apply to his claim. This provision imposes certain investigatory duties on entities that supply information to CRAs and later receive notification from the CRA that a consumer has disputed the information provided. *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 925 (N.D. Ill. 2000). Once notified by the CRA, the furnisher of information must

5

investigate the disputed information, review all relevant details from the consumer reporting agency, report investigation findings back to the agency, and if inaccuracies are confirmed, update all other nationwide consumer reporting agencies to which it previously provided the information. *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) (citing 15 U.S.C. § 1681s-2(b)). Those duties imposed on a furnisher under § 1681s-2(b) are triggered, however, only after (1) the consumer notifies the CRA of the disputed inaccuracy, and (2) the CRA contacts the furnisher to alert it about the dispute. *Johnson v. Carrington Mortg. Servs.*, 638 F. App'x 523, 525 (7th Cir. 2016) (collecting cases). Plaintiff does allege that Discover furnished inaccurate information about him to the three major CRAs and that he himself brought this to their attention (Am. Compl. at 3), but he does not allege that he notified a CRA about the dispute nor does he allege that a CRA notified Discover of his dispute. He also does not plead facts suggesting that Discover ultimately failed to conduct a reasonable investigation. Thus, he has failed to plead a claim under § 1681s-2(b) as well.

Plaintiff is perhaps understandably troubled by the "attachment" of his account to an unknown individual in Florida, records of an incorrect mailing address, and receipt of a rebate check to which he was not entitled. Read generously, the Amended Complaint alleges that Discover acted improperly by reporting to credit agencies that Plaintiff's account had been closed. But his central complaint appears to be that Discover refused to increase his credit limit during a period of financial difficulty. To the extent such a claim has merit, it would be subject to arbitration under the terms of Plaintiff's agreement with Discover. FCRA is not the appropriate mechanism to resolve this dispute. The motion to dismiss Plaintiff's Amended Complaint [13] is granted.

ENTERED:

Dated: July 22, 2024

REBECCA R. PALLMEYER
United States District Judge